*W. A. Dodson* and *Brock, Sparks & Russell,* contra.

---

MAYOR AND COUNCIL OF JEFFERSONVILLE *et al. v.* TAYLOR IRON
WORKS AND SUPPLY COMPANY.

HILL, J. 1. The petition set forth a cause of action, and the court did not err in overruling the demurrer.

2. There was no error in sustaining the demurrer to the answer, and in striking the same. The answer fails to show that the levy of a tax sufficient to pay the judgment rendered in favor of the petitioner for mandamus against the municipality would exceed the limit of taxation fixed by the charter. Acts 1909, p. 996, sec. 30.

3. It appearing that no issue of fact is raised requiring the intervention of a jury (Civil Code, § 5444; *Tarver* v. *Dalton*, 134 *Ga.* 462 (4), 67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281), there was no error in granting a mandamus absolute and requiring the defendants to levy and collect a tax sufficient to pay the 'judgment obtained against the defendants in favor of the plaintiffs. *Dennington* v. *Roberta*, 130 *Ga.* 494 (61 S. E. 20). *Judgment affirmed. All the Justices concur.*

No. 3141. NOVEMBER 15, 1922.

Mandamus. Before Judge Kent. Twiggs superior court. December 31, 1921.

The Taylor Iron Works and Supply Company filed a petition for mandamus against the Mayor and Council of the City of Jeffersonville and A. K. Smith, secretary and treasurer thereof, to require the mayor and council to levy a tax to pay a judgment obtained against the city upon a warrant issued by it in the sum of $1006.57, besides interest, in favor of the plaintiff. The defendants filed a demurrer to the petition, which was overruled, and they excepted. Defendants also filed an answer averring specifically that the debt described in the 3d paragraph of the petition is not a binding obligation upon the defendants, for the reason that the mayor and council, at the time of the creation of the debt, were without authority to create it for the reason that it exceeded the constitutional limitation as set out in the Civil Code, § 6563; that the taxable valuation of all the taxable property within the limits of Jeffersonville in the year for which the debt was created was $230,290.75; that the debt of $1006.57 far exceeded one fifth of one per centum of the assessed valuation of the taxable property within the city; that no election was held to authorize the creation of the debt; and that the mayor and council exceeded their authority in the creation of the same; and therefore the debt was without authority of law and not a binding obligation upon the municipality, and the defendants would not be authorized to levy and collect a tax to pay it. It was further averred that at the time of the creation of the debt above referred to the Mayor and Council of the City of Jeffersonville had an outstanding indebtedness of $25,000 or more; that the taxable value of the property within the limits of the city was $230,290.75; that at the time the debt was created it far exceeded the constitutional limitation, and was therefore illegal and not a binding obligation. In the year 1918 the mayor and council issued and sold bonds to the amount of $15,000, for the purpose of building

and equipping waterworks and an electric-light plant for the city. The mayor and council spent the above sum and began to create other debts to complete the systems; the debt was created in this manner; and after the mayor and council had created other debts amounting to $10,000 or more, they exceeded their authority under the charter of the city and the laws of Georgia. At the time of the creation of the debt there were not sufficient funds in the treasury to pay it, nor could it be discharged out of funds to be collected for the year in which the debt was created.

The plaintiff demurred generally to the allegations in the answer, on the grounds, that the same set forth no reasons in law or in equity why a mandamus absolute should not be granted; that the allegations amounted to an attempt to go behind a valid and binding judgment in favor of the plaintiff against the defendants; and that the answer fails to show that the judgment so obtained was void, or to state any facts tending to show that the judgment was not a legal and binding obligation upon the defendants. The court sustained the demurrer and struck the answer; whereupon a judgment was entered making the mandamus absolute, and requiring the Mayor and Council of the City of Jeffersonville to levy and collect a tax to pay the judgment. To this judgment the defendants excepted and alleged that under the answer the court should have let the case proceed to trial before a jury.

*R. A. Harrison*, for plaintiffs in error.

*Jones, Parks & Johnston*, contra.