20502. BRADFORD *v.* BOLTON, Mayor, *et al.*

ARGUED JUNE 8, 1959—DECIDED JULY 8, 1959.

*J. C. Murphy, Kermit C. Bradford, H. W. Davis, Jack S. Davidson,* for plaintiff in error.

*E. C. Stark, Wheeler, Robinson & Thurmond,* contra.

HEAD, Justice. The judgment of the plaintiff against the City of Commerce was affirmed by the Court of Appeals (*City of Commerce* v. *Bradford,* 94 *Ga. App.* 284, 94 S. E. 2d 160), and as to that part of the judgment not paid by the insurance company, it is a valid, subsisting obligation of the city. The plaintiff's demands for payment having been refused by the city, she seeks to enforce the collection of her judgment by mandamus absolute.

In order to entitle one to the writ of mandamus, it must

appear that the applicant has a clear legal right to have the particular act performed the doing of which he seeks to have enforced. Code § 64-101; *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838); *Ward* v. *Drennon,* 201 *Ga.* 605 (40 S. E. 2d 549); *Pierce* v. *Rhodes,* 208 *Ga.* 554, 555 (67 S. E. 2d 771).

In the present case, the act which the plaintiff seeks to have performed is the payment of her judgment out of any moneys on hand, and if sufficient money be not on hand, that the mayor and council be required to levy a tax upon the property in the city sufficient to discharge her claim. The relief sought by the plaintiff in the present case conforms with that in *Adams* v. *Town of Weston,* 181 *Ga.* 503 (183 S. E. 69). In the *Adams* case, as in the present case, the trial judge sustained a general demurrer to the petition for mandamus absolute. On review this judgment was reversed in a full-bench decision. In the present case, as in the *Adams* case, the plaintiff seeks but one act, the payment of her judgment. The fact that she prays that it be paid from present funds of the city, if available, and if not available, from a tax to be levied on property within the limits of the city (as did the plaintiff in the *Adams* case), in no wise invalidates her right to the relief sought.

Counsel for the defendants have not cited any constitutional provision, and we know of none, that prohibits the payment of a valid obligation of the City of Commerce; nor have counsel cited any provision of the charter of the City of Commerce, or any other law, providing that the payment of valid obligations of the city rests solely within the discretion vested in the governing authority of the city. The act incorporating the City of Commerce (Ga. L. 1909, pp. 655-709) provides, in § 76, that "for the purpose of raising a revenue sufficient to meet all expenses and obligations of said city of Commerce," the mayor and council are authorized to levy and collect an ad valorem tax on all real and personal property within the corporate limits of the city "not exceeding one per cent. thereon." In their supplemental brief, counsel for the defendants state: "This court is confronted with a single proposition: Do the defendants in this case have power to levy a tax in addition to that already levied for the payment of this judgment, and are they under a duty so to do?" Under the charter provision of the City of

Commerce, the city is charged with paying every valid obligation of the city within its power to tax. There is no limitation on the power of the city to levy a tax of 1% on all property within the corporate limits of the city, by Code § 92-4101, which purports to limit and restrict the powers of taxation by municipal corporations in an amount less than that authorized by the charter of the City of Commerce. In this connection, see *City of Cochran* v. *Lanfair*, 139 *Ga.* 249 (77 S. E. 95); *City of Waycross* v. *Tomberlin*, 146 *Ga.* 504 (4) (91 S. E. 560).

In *Dennington* v. *Mayor &c. of Roberta*, 130 *Ga.* 494, 501 (61 S. E. 20), which was an action for mandamus for the levying of a tax for the payment of certain obligations of the Town of Roberta, it was said by this court: "It may be conceded that if this tax be levied and collected, and the proceeds thereof appropriated to the satisfaction of the plaintiff's demand, other creditors of the school board, if there be such, might be remediless in the collection of their claims. Our reply to this contention is, that it is not even intimated in the petition that there are other debts contracted by the school board. We therefore can not indulge the presumption that such is the case. If, in fact, there are other debts, it would be a matter of defense that the plaintiff would not be entitled to have the money turned over to him. *Tuck* v. *Moss Mfg. Co.*, 127 *Ga.* 729 (4) (56 S. E. 1001). This would not relate to the remedy for the collection of the tax, but would relate only to its distribution." See also *Jones* v. *Bank of Cumming*, 131 *Ga.* 614 (63 S. E. 36); *Mayor &c. of Jeffersonville* v. *Taylor Iron Works &c. Co.*, 154 *Ga.* 434 (114 S. E. 579); *City of Abbeville* v. *Eureka Fire Hose Mfg. Co.*, 177 *Ga.* 204 (170 S. E. 23); *Board of Education of Candler County* v. *Southern Michigan Nat. Bank*, 184 *Ga.* 641 (192 S. E. 382).

At the time this action was filed, the act approved February 27, 1959 (Ga. L. 1959, pp. 88, 89), providing for the inspection of all public records of State, county, and municipal authorities, had not been enacted. Matters of defense to the plaintiff's action should be set up and urged in a proper answer. It is not a valid ground of demurrer to her action that she has not negatived possible defenses of the city, or set forth facts peculiarly within the knowledge of the defendants.

*Judgment reversed. All the Justices concur.*