Mrs. Marie COUCH, Petitioner,

v.

CITY OF VILLA RICA, GEORGIA, Defendant.

Mrs. Eva BROOM, Petitioner,

v.

CITY OF VILLA RICA, GEORGIA, Defendant.

Civ. A. Nos. 466, 486.

United States District Court
N. D. Georgia,
Newnan Division.
March 29, 1962.

Bobby Lee Cook, Joseph L. Llop, Atlanta, Ga., for Mrs. Marie Couch.

Shirley C. Boykin, Carrollton, Ga., Walter D. Sanders, Newnan, Ga., for City of Villa Rica.

Oscar Roberts, Carrollton, Ga., Johnson & Randall, Oneonta, Ala., Dudley Cook, Hamilton Lokey, Atlanta, Ga., for Mrs. Eva Broom.

MORGAN, District Judge.

### STATEMENT OF CASE

Mrs. Marie Couch and Mrs. Eva Broom, each as petitioners, filed a proceeding in nature of mandamus under the Federal Rules of Civil Procedure, Rules 69(a), 81(b), 28 U.S.C.A., against the City of Villa Rica, Georgia, a municipal corporation, and named persons as the mayor and council of the city. Thereafter, petitioners amended, adding certain named tax assessors for the municipality as defendants. It was alleged that on June 3, 1959, the petitioner Mrs. Marie Couch obtained a judgment in this Court in the principal sum of $27,500.00 plus costs of court, and that petitioner Mrs. Eva Broom recovered judgment in the amount of $37,-440.00 plus costs of court against the City of Villa Rica, which judgments were affirmed by the United States Fifth Circuit Court of Appeals on July 22, 1960. City of Villa Rica et al. v. Couch et al., 281 F.2d 284. Executions on these judgments issued from the United States District Court, Northern District of Georgia. Although efforts have been made to collect these judgments, nothing has been paid thereon; and even though plaintiffs have demanded payment, these demands for payment have been refused. Each of the petitioners alleges that the defendants, as mayor and councilmen of the City of Villa Rica, have the legal responsibility, under the charter of the city,

for the operation and management of the affairs of the city, including the duties of the payment of lawful debts of the city; that the defendants refuse to perform their official duties, and have refused to levy the necessary taxes to raise the funds to pay off these lawful debts of the defendant city. The petitioners further allege that the city has money available in its bank account and treasury to pay these judgments; and, that the defendants, in their official capacity, have lawful authority to borrow the money to pay these judgments.

Petitioners further contend that the defendant city owns a gas distribution system and water and sewer system, and collects large sums of money from those to whom it provides gas, water, and sewerage service; that the defendant officers have a legal duty to set such rates for these utilities as to produce sufficient funds to pay these judgments, but that the defendants refuse to set the rates for these utilities so as to produce funds to pay off the judgments.

Petitioners allege that, unless the defendants are required by judgment and decree of this Court to pay the claims from the city treasury, to levy and collect taxes, or to assess and charge rates for its utilities sufficient to provide said funds for the payment of the judgments, the plaintiffs will be without remedy and a denial of legal justice will thereupon ensue.

In answer to the petitioners, defendants contend that, by the terms of the charter of the City of Villa Rica, as granted by the General Assembly of the State of Georgia in 1941, that as Mayor and Councilmen, the defendants are limited in their levy of ad valorem taxes in the amount of $1.25 on the $100.00 valuation; that insofar as they have been able to do so, officers of the defendant city have conducted the affairs of the city in a businesslike and efficient manner. The defendants deny that there are sufficient funds in the bank account and depositories to pay off these obligations, and further allege that they are limited in the amount that the city can charge for public utilities by reason of certain ordinances of the City of Villa Rica set at the time of the validation of revenue certificates by the Carroll County Superior Court, which ordinances the officers of said city claim limit the charges for the services of such public utilities to fair and reasonable rates. Defendants further allege that, after levying the maximum tax provided by law and charging reasonable rates for services rendered by the facilities, the said defendant city has no money on hand with which to pay the said judgments.

A rule nisi was issued directed to the defendants to show cause why the defendants should not be ordered to satisfy the judgment out of depositories, or, in the alternative, to levy and collect taxes, to borrow funds, or to charge rates for utilities furnished so as to produce sufficient funds with which to pay these judgments. A hearing on the show cause order was held on September 29, 1961, and completed on October 31, 1961. Thereafter, counsel were granted until January 30, 1962, to submit final briefs in the matter. Petitioners are seeking to have this Court order that the defendant do any one of the following alternatives, or a combination thereof, in order to satisfy the judgments:

1. That the defendants satisfy the judgments out of any moneys on hand in any depositories of the City of Villa Rica;

2. That the defendants levy and collect taxes for the payment of the judgments;

3. That the defendants borrow funds with which to pay the judgments;

4. That the defendants set rates and charges for gas, water and sewerage services so as to produce from these services sufficient funds to satisfy the judgments.

## DISCUSSION

■ "The old writ of mandamus is abolished by the Rules of Civil Procedure. Rule 81(b). Proceedings in the nature of mandamus for the collection of judgments are clearly 'proceedings supplementary

to and in aid of a judgment', within the meaning of the quoted provision of Rule 69(a), as to which the practice and procedure of the state is required to be followed." DeFoe v. Town of Rutherfordton, 4 Cir., 122 F.2d 342.

▉ Under Georgia law, the holder of a judgment against a municipality is entitled to a writ in the nature of mandamus as a matter of right, not of grace, to enforce payment of judgment. Bradford v. Bolton, 215 Ga. 188, 109 S.E.2d 751.

From the evidence introduced at the hearing, it does not appear that the defendants have on hand any moneys in the general funds of the defendant city with which to satisfy the judgments. From the latest audit introduced into evidence, the total receipts of the defendant city for the year 1960 total $76,093.50, exclusive of the separate utility funds. The disbursements total $78,132.64, reflecting an excess of disbursements over receipts of $2,039.14. These receipts and disbursements were from the general funds of the city, and exclusive of the public utility functions carried on by the defendant city which are kept separate. Cash on hand and in depositories was less than $7,000.00, and it does not appear from the evidence that this amount is even sufficient to carry on the necessary municipal functions.

As an alternative, petitioners pray that defendants borrow funds with which to pay the judgments of the petitioners. No evidence was introduced at the hearing by the petitioners that the defendant city was able to borrow any funds at the time of the hearing, but the evidence introduced by the defendants strongly indicates that, because of the pending judgments approximating $65,000.00, no lending institution would consider making a loan to defendant.

▉ As another alternative, the petitioners pray that the defendant be ordered to levy and collect the tax on all the property within the corporate limits of the city sufficient for defendants to pay said judgments. Evidence was introduced at the hearing to the effect that real and personal property was only being returned for ad valorem taxes at approximately twenty percent (20%) of its actual cash value, and that these returns were being accepted and assessed by the Board of Tax Assessors at this low valuation; whereas, Section 21 of the Charter of the City of Villa Rica, Georgia Laws 1941, Page 1794, requires that the Board of Tax Assessors of the City of Villa Rica shall assess said property for ad valorem taxes at *cash market valuation.* (underscoring supplied) The total tax digest for the City of Villa Rica on ad valorem taxes for the year 1959 was $1,623,302.00, exclusive of public utilities; and $222,555.00 for public utilities. In 1960, the ad valorem tax digest amounted to $1,693,338.85, exclusive of public utilities; and $234,779.00 for the public utilities digest. Evidence showed that the earlier tax digest had not been decreased since the granting of the judgments, but there had been a slight increase in the tax digest each year. Under the terms of the Charter of the City of Villa Rica, Section 23, Georgia Laws 1941, Page 1796, the defendant city is limited in its tax levy to an amount not to exceed $1.25 on the $100.00 valuation. The defendant city is and has been levying this maximum amount provided by its charter for several years.

Petitioners assert that this Court should require the defendants to assess the real and personal property on the digest at its actual cash value, and that the evidence introduced clearly shows that returns and assessments are not being made at cash market valuation.

Section 20 of the Charter of the City of Villa Rica, Georgia Laws 1941, Page 1793, provides for the appointment of three citizens as tax assessors. These assessors make the assessments on all property located in said city, according to their skill and knowledge. The tax assessors of the City of Villa Rica are officers vested with a discretion and do not perform mere ministerial duties. City of Atlanta v. Wright, 119 Ga. 207, 45 S.E.

994. The evidence clearly shows that these tax assessors for the defendant city entered an assessment upon the tax digest books. They were not guilty of mere inaction. The Courts of Georgia have held that a writ of mandamus will not lie to control the discretion of an officer vested with judicial powers, or powers which in their nature, call for the exercise of judgment in their performance. The writ may "set the defendant officer in motion", but it will not further control or interfere with his action, nor will it direct him to act in any specific manner. See Cox v. Little, 178 Ga. 750, 174 S.E. 332.

In the case of Richmond County v. Steed, 150 Ga. 229, 103 S.E. 253, it was said:

"Where the act required to be done involves the exercise of some degree of official discretion and judgment upon the part of the officer charged with its performance, the writ may properly command him to act, or, as is otherwise expressed, may set him in motion; it will not further control or interfere with his action, nor will it direct him to act in any specific manner. * * * If the act which involves the exercise of official discretion and judgment under the law is performed under the compulsory process of the court, obviously the act is the act of the court, and not of the official required by law to exercise his discretion and judgment."

■ As the evidence clearly shows that the tax assessors for the City of Villa Rica entered an assessment on the books, this Court cannot, under compulsory process, order the valuation increased on any or all of the property subject to taxation within the corporate limits of the city, for to do so would, in effect, substitute the discretion of this Court for that of the tax assessors.

For the reasons stated above, the tax levy having been set at the maximum limit by the mayor and council of defendant city according to its charter, and the tax assessments having been fixed by the tax assessors within their discretion, this Court cannot order the defendants to increase the tax on the property within the corporate limits of the defendant city.

■ As a fourth alternative, petitioners pray that this Court order the defendant to set such rates and charges for gas and water and sewerage services so as to produce, from its operation of these services, sufficient funds with which to pay the judgments held by the petitioners. The petitioners allege and the defendants admit that the defendant city owns and operates the gas and water and sewerage services within the city and to some of the surrounding area near the defendant city. The defendant's operation of the water plant, and as a gas supplier, is a ministerial and not a governmental function. City of Albany v. Burt, 88 Ga.App. 144, 76 S.E.2d 413.

The audits introduced into evidence showed that for the year ending December 31, 1958, the defendant city realized $116,718.45 gross receipts from the operation of its gas system; for the year ending December 31, 1959, the city realized $125,156.19; and for the year 1960, defendant realized $162,654.73. The evidence further showed that, from its operation of its water and sewerage facilities, the defendant city realized a gross return for the year 1958 of $48,187.74; that for the year 1959, the defendant realized a gross return of $59,710.59; and that for the year 1960, the city realized a gross return of $65,722.55.

The evidence showed that both the gas system and the water and sewerage plant of the defendant have outstanding against the facilities and as first lien thereon certain revenue bonds issued in accordance with Chapter 87-8 of the Code of Georgia. Revenue bonds outstanding against the gas system as of December, 1958, amount to $392,000.00; and, against the water and sewerage facilities, the revenue bonds total $318,000.00. Current assets for the gas system's sinking fund amount to $57,272.85 as of December 31, 1960. Cash on hand for the renewal and extension fund of the gas system as of December 31, 1960, amount-

ed to $31,493.10. In addition thereto, on December 31, 1960, the cash balance of the operating funds of the gas system was $11,686.51. This cash balance for operating funds has increased from year to year, and during the year 1960, the defendant city was loaned $7,000.00 from this fund.

The water and sewerage system had a sinking fund on December 31, 1960, for revenue bonds outstanding, of $27,622.33; for the water and sewerage renewal and extension fund the sum of $10,431.27; cash on hand and in the bank the sum of $10,044.86 for current operations.

On the 20th day of March, 1954, in accordance with Chapter 87-8 of the Georgia Code Annotated, the City of Villa Rica validated in the Superior Court of Carroll County, Georgia, revenue bonds in the amount of $515,000.00, which were later reduced to the sum of $400,000.00, as gas revenue anticipation certificates against the gas system of the city.

Also, on September 7, 1956, the City of Villa Rica had validated, in the Superior Court of Carroll County, Georgia, water and sewerage revenue anticipation certificates in the amount of $334,000.00.

Included in the validation of both the gas system and the water and sewerage system, and made a part thereof, were certain ordinances providing for a sinking fund, and, thereafter, provisions for a renewal and extension reserve fund. After payments into the sinking fund have been cared for out of revenue, then the provision under the ordinance provides that a renewal and extension reserve fund for the gas system shall be set up in the amount of $50,000.00 before the governing body of the defendant city can make any expenditures from this renewal and extension fund. The evidence from the audit indicates that the amount as required by the validation proceeding has not been accumulated, and that only $31,493.10 has been accumulated in this fund.

The validation proceeding of the water and sewerage revenue bonds for the defendant city also provides for a renewal and extension fund in addition to the sinking fund, but, in this validation proceeding, only the sum of $3,000.00 is required to be accumulated and maintained in this fund; that, after this amount has been accumulated, expenditures may be made in case of an emergency and for any lawful municipal function. It appears that $10,431.27, or $7,431.27 in excess of the $3,000.00 required under the validation proceeding, is available to the defendant municipality.

The petitioners contend that the City of Villa Rica has authority and a clear legal duty to increase its charges for gas and water and sewerage in order to produce funds with which to pay these judgments. Defendants take the position that it would not be proper for the City of Villa Rica to raise gas or water rates in order to pay these judgments as the funds would be coming from residents outside the corporate limits of Villa Rica, it appearing from the evidence that residents outside the corporate limits of the defendant city utilize these public utilities services.

The evidence shows that the judgments were obtained against the defendant because of a defect in the gas system, thereby causing an explosion and damages to the plaintiffs. The fact that services are offered to residents outside of the City of Villa Rica does not exempt the defendant city. As stated above, the Georgia Courts have held that the operation of a public utility by a municipality is not a governmental function, but a ministerial function. City of Albany v. Burt, supra. Non-resident users of services furnished by a municipality are not in a position to challenge the authority of a municipality to appropriate surplus funds realized from the utility for the support of other municipal functions. A municipality even has a right to classify rates for its public utilities services by fixing different rates for non-resident users and for resident users. Messenheimer v. Windt, 211 Ga. 575, 87 S.E.2d 402. Neither is the price for which the city furnishes water to its customers in any sense a tax. There appears no municipal regulation for customers either

inside or outside of the City of Villa Rica requiring such customer to use the gas or water furnished by the City of Villa Rica. Alford v. City of Eatonton, 174 Ga. 169, 162 S.E. 495.

Under the Georgia law, the operation of the gas system and the water and sewerage system being ministerial acts of the defendant municipality, City of Albany v. Burt, supra, and the Georgia Public Service Commission nor any other regulatory body having authority to regulate the rates to be charged by defendant municipality, Georgia Public Service Commission v. City of Albany, 180 Ga. 355, 179 S.E. 369, there appears to this Court no reason why the defendant cannot increase its charges for the gas system and water and sewerage system services to satisfy the pending judgments.

## FINDINGS OF FACT

1. This is a proceeding in nature of mandamus supplementary to and in aid of money judgment and in aid of execution, pursuant to Rule 69 of the Federal Rules of Civil Procedure, brought by Mrs. Marie Couch, as petitioner, and Mrs. Eva Broom, as petitioner, against the City of Villa Rica, Georgia; Paul Camp, Mayor; and Ray Matthews, Herman Newell, Chester Ergle, and Grady Brown, as Councilmen for said city; and against John Waldrop, Herbert L. Lawson, and Marvin Bell, duly qualified tax assessors of the City of Villa Rica.

2. On June 3, 1959, the petitioners obtained judgments in the United States District Court for the Northern District of Georgia, Newnan Division, against the City of Villa Rica, the judgment in favor of Mrs. Marie Couch being in the principal sum of $27,500.00 plus costs of court, and the judgment in favor of Mrs. Eva Broom being in the principal sum of $37,440.00 plus costs of court. Interest on the above judgments herein is seven percent (7%) per annum from the 3rd day of June, 1959, until paid.

3. That execution on these judgments issued from the United States District Court, Northern District of Georgia, and despite demands for payment, the defendants have failed and refused to pay said judgments and still refuse to pay the same.

4. The defendant City of Villa Rica, Georgia, is a municipal corporation, chartered by the General Assembly of Georgia; Paul Camp is the duly elected and qualified mayor of the City of Villa Rica; and Ray Matthews, Herman Newell, Chester Ergle, and Grady Brown are the duly qualified and elected members of the city council for said city; and said mayor and said members of the city council, acting in their official capacity, are the governing body of the City of Villa Rica, Georgia.

5. John Waldrop, Herbert L. Lawson, and Marvin Bell are the duly qualified tax assessors of the City of Villa Rica, Georgia.

6. That the mayor and council of the City of Villa Rica have the legal responsibility, under the charter of the City of Villa Rica, for the operation and management of the affairs of the municipal corporation known as the City of Villa Rica; and that among their duties is the payment of lawful debts of the City of Villa Rica.

7. That the defendant City of Villa Rica does not have money available to it in its general fund bank accounts, general fund depositories, or in its general fund treasury with which it could pay the judgments held by the petitioners.

8. Defendants, in their official capacity, have lawful authority to borrow money with which to operate said city, and with which to pay the lawful debts of the City of Villa Rica, but that because of the financial condition of said city, due to the pending judgments and other litigation now pending against the defendant city, the banks and other lending institutions will not extend credit to the defendant.

9. Under the charter granted to the defendant municipality by the General Assembly of Georgia, the maximum tax levy granted to the defendant city is $1.25 on the $100.00 valuation on all real and

personal property located within the corporate limits of the city.

10. That the total digest, as assessed by the duly qualified tax assessors of the city and the Georgia State Revenue Department, for the city approximates $1,928,000.00, and that the maximum amount collected on this digest for the maximum tax levy under the defendant's charter will approximate less than $25,000.00 per year.

11. That the amount so collected for ad valorem taxes is paid into the general funds of the City of Villa Rica and is the minimum amount required to carry on necessary governmental functions.

12. That the defendant municipality owns and operates a gas system with a gross annual income in excess of $150,000.00. That the gas system has outstanding revenue anticipation bonds in the amount of $392,000.00 but that the present rates charged for gas service are more than ample to satisfy any sinking fund obligations and renewal and extension fund obligations as required by the ordinance included in the order validating said revenue bonds; and that, in addition to the sinking and the renewal and extension funds required by the ordinance included in the order validating said bonds, the city gas system now has on hand, according to the latest audit, the sum of $11,686.51.

13. The defendant city owns and operates a water and sewerage system which has outstanding against said system revenue bonds totaling $318,000.00; that the gross income from the operation of this system exceeds $50,000.00 annually.

14. That the defendant city has made adequate provision for a sinking fund and a renewal and extension fund as provided by the ordinance included in the judgment of validation, and that in the renewal and extension fund, there is on hand $10,431.27, being $7,431.27 in excess of the amount required by the said ordinance.

15. That the defendant city has on hand the sum of $10,044.86 for current operation of the water and sewerage system, which amount has increased from year to year.

16. That the gas rates have been raised from time to time due to the increased price of gas from the wholesale supplier, and there is no statutory prohibition against the defendant's increasing gas rates, nor does there appear any economic reason preventing the defendant from increasing its gas rates.

17. That there is no statutory provision or economic reason preventing the defendant city from increasing its water rates.

### CONCLUSIONS OF LAW

Proceedings in nature of mandamus for collection of judgments are "proceedings supplementary to and in aid of a judgment" within federal rule that procedure on execution in proceedings supplementary to and in aid of judgment shall be in accordance with practice and procedure of state in which district court is held when remedy is sought. Federal Rules of Civil Procedure, Rules 69(a), 81(b), 28 U.S.C.A. DeFoe v. Town of Rutherfordton, 4 Cir., 122 F.2d 342.

Under Georgia law, a holder of judgment against a municipality is entitled to writ in nature of mandamus as a matter of right, not of grace, to enforce payment of judgment. Bradford v. Bolton, 215 Ga. 188, 109 S.E.2d 751.

Under Georgia law, writ of mandamus will not lie to control the discretion of officers vested with discretionary power, such as defendant tax assessors, to increase the assessment of property within the corporate limits of defendant municipality. This Court is not authorized to control or interfere with this discretionary action, nor will it direct the tax assessors to act in any specific manner. Cox v. Little, 178 Ga. 750, 174 S.E. 332; Richmond County v. Steed, 150 Ga. 229, 103 S.E. 253. To order the tax assessors to increase the valuation on any or all of the property subject to taxation within the corporate limits of a city in effect substitutes the discretion of the Court for that of the tax assessors. City of Atlanta v. Wright, 119 Ga. 207, 45 S.E. 994.

Under the Georgia law, the defendant's operation of the water and sewerage plant and the operation of the gas supply is a ministerial and not a governmental function. City of Albany v. Burt, 88 Ga. App. 144, 76 S.E.2d 413.

Municipalities operating public utility facilities in Georgia are not subject to the regulations of the Georgia Public Service Commission or any other regulatory body, and can fix and determine rates which it will charge for the services rendered by such municipally-owned facilities. Georgia Public Service Commission v. City of Albany, 180 Ga. 355, 179 S.E. 369.

Petitioners having brought this proceeding in nature of a mandamus supplementary to and in aid of a money judgment and in aid of execution, pursuant to Rule 69 of the Federal Rules of Civil Procedure, and having given due notice thereof to defendant, this Court, after considering the pleadings, the evidence adduced, arguments of counsel for both parties, and after making its Findings of Fact and Conclusions of Law as listed above, a peremptory writ of mandamus is hereby granted; and the defendant municipality, City of Villa Rica, Georgia; Paul Camp, Mayor; Ray Matthews, Herman Newell, Chester Ergle, and Grady Brown, Councilmen; and their successors in office, acting in their official capacity as the governing body of the City of Villa Rica, Georgia, are hereby ORDERED on or before May 15, 1962, to pay over to the United States Marshal for the Northern District of Georgia the sum of $15,000.00, said funds to be realized by withdrawing $5,000.00 from the water and sewerage renewal and extension fund, $5,000.00 from the current operating funds of the municipally-owned water and sewerage system, and $5,000.00 from the current operating funds of the municipally-owned gas system.

The said Paul Camp, Mayor; Ray Matthews, Herman Newell, Chester Ergle, and Grady Brown, Councilmen; and their successors in office, in their official capacity as the governing body of the City of Villa Rica, Georgia, are further ORDERED to raise and increase the charges and rates for the services furnished by the municipally-owned gas system and the municipally-owned water and sewerage system so as to produce an additional sum of not less than $20,000.00 per annum, and to collect and pay such increase from such public utility charges each year beginning May 15, 1963, to the United States Marshal for the Northern District of Georgia until the executions, plus Marshal's costs and interest thereon, have been satisfied.

The United States Marshal for the Northern District of Georgia shall apply such payments pro-rata to each of the defendants after deducting Marshal's costs.

IT IS SO ORDERED.