## A99A0275. CLARK v. CAUTHEN.
(520 SE2d 477)

BARNES, Judge.

Carolyn Siebert Clark appeals the grant of summary judgment to Victor C. Cauthen. Clark sued Cauthen personally in an effort to pierce the corporate veil of Studebaker's of Savannah, Inc. ("Studebaker's"), to collect a judgment owed her by Studebaker's. Her suit contended that Cauthen and other defendants, who were former owners of Studebaker's, fraudulently conveyed Studebaker's assets to other corporations, conspired to defraud Clark of her right to collect her judgment, and otherwise used Studebaker's as their alter ego to deplete its assets and prevent Clark from enforcing her judgment.

Clark contends that, among other actions, Cauthen sold his interest in Studebaker's to a corporation that had been administratively dissolved, received a $20,000 loan from Studebaker's that was later characterized as salary, and forgave royalty payments that were to be paid him as part of the sale of his interest in Studebaker's. Also, Clark's expert, a certified public accountant, stated he found inconsistencies between Studebaker's financial records and the affidavit of Studebaker's CPA for the years 1986 to 1989.[1] The previous history of this litigation may be found in *Studebaker's of Savannah v. Tibbs*, 195 Ga. App. 142 (392 SE2d 908) (1990), and *Tibbs v. Studebaker's of Savannah*, 184 Ga. App. 642 (362 SE2d 377) (1987). Clark

---

[1] The largest discrepancy was $42,698 between the net profit of $10,119, as determined by Studebaker's CPA, and the net income of $52,963, as shown in Studebaker's financial statement.

was formerly known as "Tibbs." This appeal does not concern the other defendants.

After discovery, the trial court granted Cauthen's second renewed motion for summary judgment. On appeal, Clark contends the trial court erred by doing so because genuine issues of material fact remain for trial on whether Cauthen should be held personally liable for the judgment against Studebaker's and because the grant of Cauthen's second renewed motion for summary judgment was unauthorized.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). Further, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. The law of corporations is founded on the legal principle that each corporation is a separate entity, distinct and apart from its stockholders (*Exchange Bank of Macon v. Macon Constr. Co.*, 97 Ga. 1 (1) (25 SE 326) (1895)), and insulation from liability is an inherent purpose of incorporation. *Mitcham v. Blalock*, 214 Ga. App. 29, 34 (4) (447 SE2d 83) (1994). Therefore, Clark is not entitled to recover from Cauthen merely because she cannot recover from Studebaker's.

To recover from Cauthen personally for Studebaker's debts, Clark must pierce Studebaker's corporate veil.

The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud or to evade contractual or tort responsibility. Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, the mere operation of corporate business does not render one personally liable for corporate acts. Sole ownership of a corporation by one person or another corporation is not a factor, and neither is the fact that the sole owner uses and controls it to promote his ends. There must be evidence of abuse of the corporate form. Plaintiff must show that the defendant disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control.

(Citation and punctuation omitted.) *Fuda v. Kroen*, 204 Ga. App. 836, 837 (1) (420 SE2d 767) (1992).

In deciding this appeal we are guided by two principles that sometimes conflict: (1) Caution should be exercised before disregarding the corporate entity, and (2) piercing the corporate veil is a jury issue unless no evidence exists that would be "sufficient to justify disregarding the corporate form." *J-Mart Jewelry Outlets v. Standard Design*, 218 Ga. App. 459, 460 (1) (462 SE2d 406) (1995). Therefore, the grant of summary judgment to Cauthen would be authorized only if no evidence exists that shows, or from which it might be inferred, that "the corporate arrangement was a sham, used to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility." (Citation and punctuation omitted.) *J & J Materials v. Conyers Seafood Co.*, 214 Ga. App. 63, 65 (4) (446 SE2d 781) (1994).

This record shows no such evidence. None of the transactions Clark relies upon shows that Cauthen disregarded Studebaker's corporate legal entity. For example, Cauthen did not receive compensation from Studebaker's when he sold his interest in Studebaker's to a corporation owned by his former business associates. The funds he received in that transaction were from a bank loan to the purchasing corporation, and not from Studebaker's. Also, that Cauthen did not receive all the money from the purchasing corporation to which he was entitled, or that he forgave some royalty payments to which he was entitled, did not affect Studebaker's financial condition. Additionally, no evidence shows that Cauthen was aware that the corporation that purchased his interest in Studebaker's had been administratively dissolved at the time of the sale. Neither transaction shows that Cauthen disregarded Studebaker's corporate entity or acted as if Studebaker's was his alter ego or business conduit. See *Farmers Warehouse of Pelham v. Collins*, 220 Ga. 141, 150-151 (137 SE2d 619) (1964). Also, the loan Cauthen received from Studebaker's which was later reclassified as salary was consistent with Studebaker's usual practice regarding the owner's compensation. Moreover, Clark did not rebut the statement in Cauthen's affidavit that "other than receiving salary compensation, [he] never transferred or caused to be transferred any assets of Studebaker's to any other person, party, or corporation."

3. The trial court did not use an improper standard in ruling on Cauthen's motion for summary judgment. This argument is based on the following portion of the order granting summary judgment:

> Plaintiff has supplied the court with a list of issues which are in need of jury resolution, and has pointed out inconsistencies in defendant's position which support Plaintiff's case. Despite the litany of alleged questionable behavior,

inaccurate information and inconsistent testimony to which plaintiff points in support of her case, the court is convinced that the jury issues, even if resolved in favor of plaintiff, would not rise to the requisite level to allow plaintiff to make defendant personally liable. In sum, the court does not feel that there exist in the record triable jury issues which would result in the corporate veil being pierced.

The trial court's order merely states the rule that only genuine issues of material fact preclude the grant of summary judgment. See *Raven v. Dodd's Auto Sales & Svc.*, 117 Ga. App. 416, 422 (4) (160 SE2d 633) (1968). Here, the trial court ruled that the issues Clark asserts are not relevant and material to the issue of piercing the corporate veil. There was no error.

4. Clark also asks us to hold that the grant of summary judgment was not authorized because it followed Cauthen's second renewed motion, and that after Cauthen's first motion for summary judgment was denied by the trial court, his application for interlocutory appeal was denied by this court. She seeks a ruling that a trial court may not change its ruling after it has denied a motion for summary judgment unless the movant asserts a new evidentiary basis. Such a holding, of course, is contrary to existing precedent, (*Southeastern Metal Products v. Horger*, 166 Ga. App. 205, 206 (1) (303 SE2d 536) (1983)) and would, in effect, reinstate the law of the case rule. Because that result would be contrary to OCGA § 9-11-60 (h),[2] we could not issue such a ruling even if we are inclined to do so. We find no error in the procedures used by the trial court.

Accordingly, the superior court did not err by granting Cauthen's motion for summary judgment.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 30, 1999 —
RECONSIDERATION DENIED JULY 21, 1999

*Marshall R. Wood*, for appellant.
*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Michael J. Classens*, for appellee.

---

[2] This Code section provides that "[t]he law of the case rule is abolished."