[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2003
THOMAS K. KAHN
CLERK

_____

No. 01-13597

_____

D. C. Docket No. 99-00553-CV-CC-1

LIBERTY MUTUAL INSURANCE
COMPANY,

Plaintiff-Appellee,

versus

C-STAFF, INC., THOMAS KEESEE,

Defendants-Appellants,

KBAS I, L.L.C., CONTINENTAL
BENEFIT ADMINISTRATORS, INC.,

Third-Party Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 17, 2003)**

Before BLACK and HULL, Circuit Judges, and RYSKAMP[*], District Judge.

PER CURIAM:

_____

[*] Honorable Kenneth L. Ryskamp, United States District Judge for the
Southern District of Florida, sitting by designation.

This appeal involves a question of Georgia law determinative of the case, but unanswered by controlling precedent of the Supreme Court of Georgia or any other Georgia court. We therefore certified the question for resolution by the Georgia Supreme Court. *Liberty Mut. Ins. Co. v. C-Staff, Inc.*, 280 F.3d 1337, 1340 (11th Cir. 2002). Upon consideration of the response of the Georgia Supreme Court to the question certified to that Court, we reverse the district court.

## I.

The facts of this case are set forth in our earlier opinion. 280 F.3d at 1339. Appellee Liberty Mutual Insurance Company obtained a judgment against Appellant C-Staff, Inc. in the United States District Court for the Southern District of Florida, and sought to enforce that judgment in the Northern District of Georgia. In seeking to enforce the judgment, Appellee engaged in extensive post-judgment discovery aimed toward C-Staff and various third parties believed by Appellee to be recipients of fraudulent transfers from C-Staff, or alter egos or successors of C-Staff, including KBAS I, L.L.C., Continental Benefits Administrators, Inc., and Thomas Keesee (collectively Appellants). Following discovery, Appellee filed a motion to commence supplementary proceedings and to implead Appellants as part of its enforcement action against C-Staff. The district court granted Appellee's motion, and Appellants brought this interlocutory appeal.

2

II.

O.C.G.A. § 9-11-69 allows a judgment creditor to enforce its judgment through a writ of execution and also to engage in post-judgment discovery. This section, however, does not expressly authorize the commencement of supplementary proceedings against third parties for the enforcement of a judgment. To clarify whether O.C.G.A. § 9-11-69 permits Appellee to commence supplementary proceedings against Appellants, we certified the following question to the Georgia Supreme Court:

> PURSUANT TO O.C.G.A. § 9-11-69, MAY A JUDGMENT CREDITOR INITIATE SUPPLEMENTARY PROCEEDINGS TO THE EXECUTION OF A JUDGMENT WHEREIN THIRD PARTIES, ALLEGED TO BE FRAUDULENT TRANSFEREES, ALTER EGOS, OR SUCCESSORS OF A JUDGMENT DEBTOR, ARE IMPLEADED AS DEFENDANTS TO THE ACTION?

The Supreme Court of Georgia answered our certified question in the negative:

> The United States Court of Appeals for the Eleventh Circuit certified to this Court the question of whether O.C.G.A. § 9-11-69 authorizes a judgment creditor to implead and hold liable persons who were not parties to the underlying judgment. We hold that it does not. In Georgia, a judgment-creditor must initiate a separate civil action against persons it claims are liable for a judgment to which they were not parties by filing a complaint and serving the defendants under the procedures set forth in the Civil Practice Act.

*C-Staff, Inc. v. Liberty Mut. Ins. Co.*, 571 S.E.2d 383, 383 (Ga. 2002).

3

In light of the response of the Georgia Supreme Court, we conclude the district court erred by granting Appellee's motion to commence supplementary proceedings.

REVERSED.