[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-13597

_____

D. C. Docket No. 99-00553-CV-CC-1

LIBERTY MUTUAL INSURANCE
COMPANY,

Plaintiff-Appellee,

versus

C-STAFF, INC., THOMAS KEESEE,

Defendants-Appellants,

KBAS I, L.L.C., CONTINENTAL
BENEFIT ADMINISTRATORS, INC.,

Third-party Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 30, 2002)**

Before BLACK and HULL, Circuit Judges, and RYSKAMP[*], District Judge.

PER CURIAM:

_____

[*]Honorable Kenneth L. Ryskamp, U.S. District Judge for the Southern District of Florida,
sitting by designation.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH IV OF THE GEORGIA CONSTITUTION. TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Georgia law determinative of the case, but unanswered by controlling precedent of the Supreme Court of Georgia or any other Georgia court. We therefore certify the question for resolution by the highest court of Georgia. *See* Ga. Code Ann. § 15-2-9 (1997); Ga. Sup. Ct. R. 46.

## I. STATEMENT OF THE CASE

Appellee Liberty Mutual Insurance Company obtained a $3,722,963.73 judgment against Appellant C-Staff, Inc. in the United States District Court for the Southern District of Florida. Appellee subsequently sought enforcement of its judgment in the United States District Court for the Northern District of Georgia, where C-Staff, Inc. was located. After registering the judgment, Appellee engaged in post-judgment discovery directed towards C-Staff and various third-parties. The third-parties included entities believed by Appellee to be recipients of fraudulent transfers from or alter egos or successors of C-Staff, including Appellants KBAS I, L.L.C. and Continental Benefits Administrators, Inc. (CBA). Appellee also

2

propounded post-judgment discovery on Appellant Thomas Keesee, former majority shareholder of C-Staff.

After completing extensive post-judgment discovery, Appellee filed a motion to commence supplementary proceedings and to implead KBAS I, CBA, and Thomas Keesee as part of its enforcement action against C-Staff. In its motion, Appellee requested the district court ultimately to enter a judgment against the impleaded parties, to vacate any transfers of cash from C-Staff, and to order any property held by Appellants be held as an asset of C-Staff or in constructive trust for the benefit of Appellee. The district court granted Appellee's motion to commence, and Appellants brought this interlocutory appeal.

## II. DISCUSSION

Federal Rule of Civil Procedure 69(a)[1] provides that the procedure for execution of a judgment for the payment of money shall be in accordance with the practice of the state in which the district court considering the enforcement action

---

[1] Federal Rule of Civil Procedure 69(a) states in pertinent part:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

is located. In this case, Appellee seeks to execute its judgment in the United States District Court for the Northern District of Georgia. The procedure for execution, therefore, is governed by the practice of the State of Georgia.

Georgia statute recognizes the ability of a judgment creditor to enforce its judgment through writ of execution and also to engage in post-judgment discovery. *See* Ga. Code Ann. § 9-11-69 (1994).[2] Section 9-11-69, however, does not expressly authorize the commencement of supplementary proceedings against third-parties for the enforcement of a judgment. Additionally, neither the parties nor this Court is aware of any Georgia cases expressly recognizing the right to initiate such proceedings.[3] On appeal, Appellants argue this is an issue of first

---

[2] Ga. Code Ann. § 9-11-69 provides in pertinent part:
>  Process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise. In aid of the judgment or execution, the judgment creditor, or his successor in interest when that interest appears of record, may do any or all of the following:
>
> > (1) Examine any person, including the judgment debtor by taking depositions or propounding interrogatories;
> > (2) Compel the production of documents or things; and
> > (3) Upon a showing of reasonable necessity, obtain permission from a court of competent jurisdiction to enter upon that part of real property belonging to or lawfully occupied by the debtor which is not used as a residence and which property is not bona fide in the lawful possession of another;
>
> in the manner provided in this chapter for such discovery measures prior to judgment.

[3] Appellants primarily rely on *Couch v. City of Villa Rica*, 203 F. Supp. 897 (N.D. Ga. 1962), in support of their motion to commence supplementary proceedings. Although the plaintiffs in *Couch* initiated supplementary proceedings in conjunction with the enforcement of a judgment, the

4

impression as no Georgia Supreme Court cases specifically address the issue. We agree.

## III. QUESTION TO BE CERTIFIED TO THE GEORGIA SUPREME COURT

We conclude this case involves an unanswered question of Georgia law with no controlling precedent; accordingly, we certify the following question to the Georgia Supreme Court for instruction:

> PURSUANT TO O.C.G.A. § 9-11-69, MAY A JUDGMENT DEBTOR INITIATE SUPPLEMENTARY PROCEEDINGS TO THE EXECUTION OF A JUDGMENT WHEREIN THIRD-PARTIES, ALLEGED TO BE FRAUDULENT TRANSFEREES, ALTER EGOS OR SUCCESSORS OF A JUDGMENT DEBTOR, ARE IMPLEADED AS DEFENDANTS TO THE ACTION?

In certifying this question, we do not intend the particular phrasing of the question to limit the Georgia Supreme Court in its consideration of the problem posed by the case. In order to assist the court's consideration of this case, the entire record, along with the briefs of the parties, shall be transmitted to the court.

---

supplementary proceedings were in the nature of a writ of mandamus. Whereas the Georgia Supreme Court recognizes the ability of a judgment creditor to seek a writ of mandamus, *see Bradford v. Bolton*, 109 S.E.2d 751 (Ga. 1959), Georgia law does not clearly recognize the ability of a judgment creditor to implead third-parties into a post-judgment enforcement action.

Appellants primarily rely on *Clark v. Cauthen*, 520 S.E.2d 477 (Ga. App. 1999), in support of their argument Georgia law requires judgment creditors to file a direct action against third-parties rather than institute supplementary proceedings. Although the plaintiff in *Clark* instituted a direct action against a third-party as a means of piercing the corporate veil of the judgment debtor, the case does not mandate use of a direct action. As a result, all that can be inferred from *Clark* is direct actions are permissible, not that they are the exclusive means of collecting a judgment against a third-party.

5

QUESTION CERTIFIED.