GAMMAGE *v.* POWELL *et al.*

1. That the court "disallowed" an intervention filed by a third person in an equitable proceeding, affords to the plaintiff therein no legal ground of complaint.
2. The evidence bearing upon the main issues involved was directly conflicting, and there was no abuse of discretion in denying an interlocutory injunction.

Argued April 19, — Decided May 5, 1897.

Petition for injunction, etc. Before Judge Lumpkin. Fulton county. February 22, 1897.

*R. B. Blackburn*, for plaintiff.

*Simmons & Corrigan* and *Goodwin & Westmoreland*, for defendants.

LUMPKIN, P. J. The plaintiff in error, Gammage, bid off land sold at sheriff's sale, but did not comply with the terms of his bid; and the sheriff, on the same day, resold the property to another. Subsequently Gammage filed an equitable petition, praying that the officer be enjoined from conveying the land to the last purchaser, and that he be required to convey the same to the petitioner. At the hearing, Mrs. Suttles, the defendant in execution, offered an intervention, praying that she be made a party, and that, for reasons set forth in her intervention, the second sale be set aside. The application of Mrs. Suttles to be made a party was disallowed and the prayer of her intervention denied; to which ruling Gammage excepted, but she did not. The court also denied the injunction prayed for by Gammage, and he also excepts to this ruling.

It is unnecessary to set forth the various allegations upon which he relied as a basis for the relief sought. Taking as true all he alleged, his petition was not without merit; but the answer swore off all the equity of the petition, and the evidence bearing upon the main issues of fact was directly conflicting. It need only be added, that there was evidence showing that the sheriff distinctly announced, before the first sale, that unless the purchaser promptly paid the purchase-money in cash, the property would again be sold that day during the lawful hours of sale.

1. The refusal of the court to allow Mrs. Suttles to become

a party by intervention was a matter of no concern to Gammage. She was by no means an essential party to his cause of action; and whatever may have been her rights in the premises, she acquiesced in what was done, and this was an end of the matter, so far as relates to her interest in the case.

2. It will be obvious from the preceding preliminary statement of the material facts, that this case is manifestly one in which this court will decline to interfere with the discretion exercised by the trial judge in denying an interlocutory injunction. *Judgment affirmed. All the Justices concurring.*