BUCHAN, administratrix, *v.* WILLIAMSON (two cases).

A judgment adverse to the plaintiffs in an action by the heirs of a decedent against a purchaser of land at a sheriff's sale, seeking cancellation of the sheriff's deed and an accounting for rent and to have title decreed to be in plaintiffs, will not bar a subsequent action of ejectment against the purchaser by an administrator for recovery of the land, where it is necessary for the administrator to have the property in order to pay the debts of the estate.

(a) Whether the heirs would be concluded by the former judgment on application for distribution of the residue of the recovered property, after payment of debts, is not for decision.

JULY 25, 1914.

Complaint for land. Before Judge Graham. Dodge superior court. May 20, 1913.

*W. H. Terrell* and *J. A. Neese,* for plaintiff.

*Wooten & Griffin, Roberts & Smith,* and *W. M. Clements,* for defendant.

ATKINSON, J. The facts which appear from the recitals in the headnote need not be restated. The plaintiffs in the first suit were the widow and children of the decedent, some of the latter appearing by another person as next friend. When the suit was filed there was no permanent administration. There was a tem-

porary administrator, who gave his consent that the heirs might sue; but he was without power to bring the suit. *Ward* v. *McDonald*, 135 *Ga.* 515 (69 S. E. 817). Consequently his consent for the heirs to sue would not bind creditors of the estate. After termination of the suit the widow was appointed permanent administratrix, and, as such, instituted the new suit and sought to recover the property in order to make distribution among the heirs and pay debts of the estate. To this suit the defendant by plea of res adjudicata, set up the judgment in the former case. The case was tried solely on the issue raised by this plea. In addition to all that has been stated above, there was evidence tending to show the existence of debts. Whether they were barred by the statute of limitations was left in confusion by the evidence, but there was no contention that they were barred. Under the circumstances they must be treated as subsisting. If the heirs had recovered in the former suit, the recovery would have been solely for their interest. If the administratrix should recover in the present suit, it would be for the dual purpose of paying debts of the estate and making legal distribution of any residue. It thus appears that the parties plaintiff in the two suits were not identical, nor was there complete identity of subject-matters. It is declared in the Civil Code, § 3934: "The administrator may recover possession of any part of the estate from the heirs at law, or purchasers from them; but in order to recover lands, it is necessary for him to show, upon the trial, either that the property sued for has been in his possession, and without his consent is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts or making a proper distribution. An order for sale or distribution, granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact." If the heirs had prevailed in the first suit and acquired possession of the property, nevertheless the administrator could have recovered the land from them, if it was necessary for him to have it in order to pay the debts of his intestate. To hold that the judgment against the heirs would conclude the administrator would in effect avoid so much of the code section above set forth as refers to the right of the administrator to recover from heirs where necessary to pay debts, and thereby substantially interfere with the rights of creditors.

There being sufficient evidence to submit the question of existing

debts, it was erroneous, under all the circumstances, to direct a verdict sustaining the plea. If the administrator should recover, and there should remain any property after paying the debts, whether the former judgment would conclude the heirs on distribution of the estate is not now for decision.

*Judgment reversed. All the Justices concur.*