## MAYOR & ALDERMEN OF SAVANNAH *v.* GUERARD.

1. Section 27 of the act of the General Assembly approved August 18, 1919 (Georgia Laws 1919, pp. 1294, 1310), requiring the Mayor and Aldermen of the City of Savannah to pay the registration clerk in the tax-collector's office of Chatham County $600 per annum, as his compensation for work in connection with the registration of voters and preparation of voters' lists in municipal primaries and elections, is not void on the ground that it violates the inhibition contained in the constitution of the State of Georgia against the granting of a donation or gratuity in favor of any person.

2. Mandamus was the available remedy to compel the payment of the salary of the officer due and unpaid. *Clark* v. *Eve*, 134 *Ga.* 788(6, *a*) (68 S. E. 598).

3. The demurrer to the third paragraph of the petition, on the ground that the same was vague, indefinite, and uncertain, was sufficiently met by the amendment allowed.

4. The criticism contained in the demurrer that the petition is faulty, in that it fails to set forth a contract or agreement made with the City of Savannah for the performance of the work alleged to have been performed by petitioner, is without merit.

No. 3972. April 29, 1924.

Mandamus. Before Judge Meldrim. Chatham superior court. September 3, 1923.

W. E. Guerard brought mandamus proceedings against the Mayor and Aldermen of the City of Savannah, alleging, that by an act of the General Assembly of the State of Georgia, approved August 18, 1919, amending the charter of the City of Savannah,

it was made the duty of the defendant to pay the registration clerk in the tax-collector's office of Chatham County $600 per year, in monthly installments, as his compensation for work in connection with the registration of voters and the preparation of voters' lists for municipal primaries and elections; that he is the registration clerk in the office of the tax-collector, and has performed the work in said act specified; and that the compensation was paid him up to the month of December, 1922, but that since then, although demand has been made upon the defendant, it has refused to pay him the compensation provided for by said act. The defendant demurred to the petition, setting up that by the act of the General Assembly, approved August 12, 1914, found in Georgia Laws 1914, p. 1163, it was provided that the work alleged to have been performed by this registration clerk should be done by the board of registrars of Chatham County for the compensation fixed by the terms of said act; and that the petition failed to show any contract or agreement between the defendant and the plaintiff. By amendment, in response to a special demurrer, the plaintiff alleged that the services performed by him had been the registration of voters for municipal primaries and elections, and the preparation of voters' lists therefor.

In section 27 of an act to amend the several acts relating to and incorporating the Mayor and Aldermen of the City of Savannah, etc., approved August 18, 1919 (Georgia Laws 1919, p. 1310), it is provided: "The Mayor and Aldermen of the City of Savannah shall pay the registration clerk in the tax-collector's office of Chatham County $600.00 per annum in twelve equal installments, as his compensation for work in connection with the registration of voters and preparation of voters' lists for municipal primaries and elections." Under the third ground of demurrer the contention is raised that this section of the act of August 18, 1919, upon which the petitioner depended for his right to receive the compensation, was in violation of article 7, section 16, paragraph 1, of the constitution (Civil Code, § 6573), that the General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation, or association. The trial court overruled the demurrers, and the defendant excepted.

*F. P. McIntire,* for plaintiff in error.

*George H. Richter,* contra.

BECK, P. J. (After stating the foregoing facts.)   1.  The court properly overruled the ground of demurrer raising the contention that the section of the act approved August 18, 1919, which is quoted above, is unconstitutional in that it violates article 7, section 16, paragraph 1, of the constitution (Civil Code, § 6573), because the payment provided in said act to be made to the registration clerk is a gratuity, for that under the laws of the State of Georgia and particularly under the provisions of sections 4 to 8, inclusive, of the act of the General Assembly approved August 12, 1914 (Georgia Laws 1914, p. 1163), it is provided that the work alleged to have been performed by the registration clerk shall be done by the board of registrars of Chatham County for the compensation fixed by the terms of said act.   Section 40 of the Civil Code is as follows:  "Who may take charge of books and administer oaths.  Said tax-collector, or any clerk employed by him and authorized by him to receipt for taxes in the usual course of his employment, is hereby empowered to take charge of said voters' books, and to administer said oath.  When the signature of any person is not clearly legible, the officer in charge of the voters' books shall, at the time the signature is made, write out the same in clearly legible letters opposite or under said signature."   Both in the section just quoted and in section 42 the official in charge of the voters' books is referred to as "the officer," and certain duties are assigned to him.   When section 27 of the act approved August 18, 1919, is read in connection with the section of the Code quoted, it would seem that the court did not err in holding that the legislative provision attacked by the demurrer is not contrary to the constitutional inhibition against granting any donation or gratuity.   And this is true notwithstanding the provisions in the act approved August 12, 1914, that the list of qualified voters of Chatham County residing within the corporate limits of the city, prepared by the duly appointed registrars of Chatham County, shall be used as the list of registered and qualified voters entitled to vote in said city election, and that the registrars shall furnish to the managers at each and every box in a municipal election a list of the voters entitled to vote at such box.

2-4.   The rulings in headnotes 2, 3, and 4 require no elaboration.               *Judgment affirmed.   All the Justices concur.*