## ADAMS *v.* TOWN OF WESTON.

No. 10993. DECEMBER 11, 1935.

*G. Y. Harrell,* for plaintiff. *Stephen Pace,* for defendant.

GILBERT, Justice. G. W. Adams filed a petition for mandamus against the Town of Weston, by and through its mayor and council, to require the payment to him of the sum of $68.46, alleged to be due him as a balance on his salary as clerk of said town. He alleged that at a meeting of the former mayor and councilmen his claim was considered and approved, and that he was issued a due-bill in the said amount, signed by the mayor and clerk; that the mayor and council also instructed the clerk to let the minutes show that the Town of Weston was due, among others, the said sum to the petitioner, and that such appears upon the minutes; that the said sum was not then paid, because the necessary funds were not on hand or in its treasury, but that since then the Town of Weston has had sufficient money to pay the petitioner, has levied a tax for the year, and is collecting taxes and will have sufficient funds out of which his demand can be paid; that he has demanded payment from the present mayor and council, but that they refused to pay his claim. He prayed that a mandamus nisi be issued, calling upon the Town of Weston, by and through its mayor and councilmen, to show cause why the claim of the petitioner should not be paid out of any money on hand or which might thereafter be received by the town, and that, if sufficient money be not on hand, the said mayor and council be required to levy a tax upon property in said town sufficient to discharge his claim; that upon the hearing a mandamus absolute be granted; and that he have such relief as the facts might warrant. The defendant filed general and special demurrers on the ground, among others, that the petition did not set forth a cause of action. The court sustained the general demurrer without passing on the special demurrer. The petitioner excepted.

The demurrer is lengthy and contains many similar propositions repeated in different language. The material parts necessary to be considered are (1) that mandamus does not lie in the present case, because the petitioner has an adequate remedy at law; and (2) that if the suit could otherwise proceed, it should be brought against the treasurer of the Town of Weston. It is well established that mandamus will not lie when there is an adequate and specific remedy at law. It is available only when it is exclusive. *Mattox* v. *Board of Education,* 148 *Ga.* 577, 581 (97 S. E. 532, 5 A. L. R. 568). But it has also been ruled, in *Hogansville Banking Co.* v. *Hogansville,* 156 *Ga.* 855, 860 (120 S. E. 604), that "The rule that mandamus will not be granted where there is a specific legal remedy is restricted to cases where the legal remedy is equally convenient, complete, and beneficial. . . Another remedy tedious and not so well adapted to the nature of the case as that by mandamus will not operate to prevent resort to the latter remedy." See also *Clark* v. *Eve,* 134 *Ga.* 788, 790 (6a) (68 S. E. 598); *Mayor &c. of Savannah* v. *Guerard,* 158 *Ga.* 205 (2) (122 S. E. 691). The Town of Weston, according to the allegations of the petition, has already approved the amount as due and unpaid, issued its due-bill therefor, and had its approval entered upon its minutes, thus converting it into a liquidated demand, rendering it unnecessary for the petitioner to allege that a judgment had been obtained. Nothing remains except the performance of its official duty to pay the same, but, according to the allegations of the petition, though requested to do so, it has refused. It is the legal duty of the municipality and its officials to pay any indebtedness due by it when sufficient funds are on hand, and it is alleged that funds are available. It is true that the petitioner might have brought a common-law suit and obtained a judgment; but the funds of the Town of Weston might have become exhausted, and in that event mandamus would be necessary to require the levy of a tax to provide funds from which to pay the obligation. Under the allegations of the petition no remedy was available to the petitioner so well adapted to the facts of the case as that of mandamus; and we hold that the question should be finally adjudicated and concluded in this action, to the end that the parties shall not exhaust in expenses of litigation a larger sum than that admittedly due by the town to the petitioner.

Only one other point need be mentioned. The demurrer raises the question that this suit for mandamus should have been brought against the treasurer of the town. The charter of the town (Ga. Laws 1911, p. 1620) provides that the town shall have the power to elect a treasurer if deemed advisable. No duty to elect was imposed. There is no allegation that in pursuance of that power a treasurer was in fact elected or that there is now a treasurer. It is not the office of a demurrer to import additional facts to those alleged in the petition, and we must assume that the town has no treasurer; but if it were otherwise, the treasurer would be the servant of the municipal corporation and subject to its orders. A judgment on mandamus against the town, requiring it to pay the amount alleged to be due the petitioner, would operate equally upon its treasurer. In the event the treasurer should decline to act, it would become the duty of the town to compel him to do so. In *Neal Loan & Banking Co.* v. *Chastain,* 121 *Ga.* 500, 504 (49 S. E. 618), where a suit was instituted in the city court of Atlanta against a county, and was dismissed on demurrer, and subsequently a suit on the same cause of action was brought against the county treasurer, and the defendant contended, against an alleged estoppel, that the two defendants were not the same, that is, the county and its treasurer, this court said: "In a very real sense, and to all intents and purposes, the defendant in each action is the same." So we hold in this case that whether mandamus is brought against the treasurer or the Town of Weston, it is, in a very real sense and to all intents and purposes, against the same defendant. The court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*