## BEASLEY *et al. v.* THOMPSON.

No. 11277. JUNE 12, 1936. REHEARING DENIED JULY 3, 1936.

*B. F. Walker* and *R. G. Price,* for plaintiffs.

*M. C. Barwick,* for defendant.

GILBERT, Justice. Sallie Beasley brought suit against F. M. Thompson, to reform a deed and for injunction, alleging that the defendant, acting as the agent of his and petitioner's mother, purchased certain described land for the mother, paying the purchase-price with the funds of, but without the knowledge of, the mother, who could neither read nor write; that he had the deed executed as conveying the land jointly to the mother and the defendant; and that the mother died without discovering that the deed did not convey the entire interest to her. The petition was filed after the death of the mother, and before an administrator was appointed. Subsequently an administrator was appointed, who filed a petition praying that he be allowed to intervene in the suit so as to protect the rights of the heirs and creditors of the estate. His petition adopted the allegations of Sallie Beasley, and contended that the intestate owned the entire interest in the land instead of a half undivided interest. He prayed that it be decreed that the intestate owned the entire interest in the land; that the intervention be allowed; and for general relief. The court passed an order disallowing the intervention. Mrs. Beasley and Bethea, as administrator, filed exceptions pendente lite, and preserved them in the exceptions to the final judgment.

1. Under the allegations, Mrs. Beasley, the petitioner, and Bethea, as administrator of the estate of the mother, seeking to intervene on behalf of the heirs and creditors of the estate, had a substantial interest in the land. If their contentions prevailed in the suit, the mother's estate would own the entire interest in the land, which would be held by the administrator for distribution, first, for payment of the creditors of the estate; and second, to the two heirs, Mrs. Beasley and F. M. Thompson, equally. If the defendant's contentions prevailed, the administrator could recover only a half undivided interest for such distribution.

2. The suit being in equity, in which a multiplicity of suits may be avoided, and there being no remedy at law so adequate, complete, and expeditious, the court erred in disallowing the intervention. See *Adams* v. *Weston,* 181 *Ga.* 503, 504 (183 S. E. 69), and cit.

3. Even if, as contended by the defendant in error, the losing

parties might have come to this court by direct bill of exceptions (see *Ray* v. *Anderson,* 117 *Ga.* 136, 43 S. E. 408; criticized in *Tarver* v. *Dallon,* 134 *Ga.* 462, 471, 67 S. E. 929, 21 L. R. A. (N. S.) 183, 20 Ann. Cas. 281; *Johnson* v. *Holmes,* 150 *Ga.* 195, 103 S. E. 157; *Vanzant* v. *First National Bank,* 164 *Ga.* 772, 139 S. E. 537; *Jackson* v. *File,* 165 *Ga.* 382, 140 S. E. 754), they are not precluded from first filing exceptions pendente lite and preserving them in exceptions to the final judgment. *Gammage* v. *Powell,* 101 *Ga.* 540 (28 S. E. 969), is cited by the defendant in error as a ruling to the effect that the disallowance of an intervention must be excepted to by a direct bill of exceptions. In that case the original petitioner excepted, but the intervenor did not. In the present case the petitioner and the intervenor joined in the exceptions. The interests of the petitioner and the intervenor in the *Gammage* case were entirely separate. They had no common interest in the subject-matter of the suit.

4. The court having erred in disallowing the intervention, all further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

The defendant moves for a rehearing on the grounds: (1) That the petition for intervention "shows affirmatively that there are substantially no debts, and sufficient personal property to pay them;" (2) that the court overlooked the fact that the intervenor asks to be made "a party *defendant,* not plaintiff;" (3) that the court overlooked the fact that the intervention was not verified as required in equitable pleadings; (4) that in making the ruling in the first headnote the court overlooked *Buchan* v. *Williamson,* 142 *Ga.* 198 (82 S. E. 548); (5) that in making the decision the merits of the case, as between the plaintiff Beasley and the defendant Thompson, were not considered; (6) that, for the purpose of discovering the truth, the court records in another specified proceeding should be obtained by the Supreme Court and considered in connection herewith. We deal with the grounds seriatim, viz.:

(1) The judgment denying the intervention was in response to a motion of counsel for the defendant in the nature of a general demurrer. There was no special demurrer. The allegations of the intervention were sufficient to withstand the general de-

murrer. The argument and authorities cited by the movant dealt with the sufficiency of evidence to show necessity for the administrator to recover the property for the purpose of paying debts. When the proceeding has reached the stage where proof is required to substantiate the petition for intervention, the contentions and citations of the movant will be applicable, and nothing here ruled will prejudice his rights.

(2) The court did overlook the fact that the administrator did allege that he "desires to be made a party defendant." We now consider the allegation as an inadvertent use of the word "defendant." This appears conclusive, since all parties and the trial judge treated the petition as one seeking to make the administrator a party plaintiff. The judge's order specifically recites that "the petition of R. L. Bethea, as administrator, . . to intervene and be made a party plaintiff," is denied. The court did not deny an intervention as party defendant. Moreover, the intervenor adopted the pertinent portions of the *plaintiff's* petition. Movant makes this point for the first time in his motion for a rehearing.

(3) "No petition need be verified unless it seeks extraordinary equitable relief or remedy." Code, § 81-109; *Owens* v. *Oliver,* 148 *Ga.* 675 (2), 676 (97 S. E. 856). No extraordinary relief is sought.

(4) Nothing here ruled conflicts with *Buchan* v. *Williamson,* 142 *Ga.* 198. The administrator had the option of standing aside from the pending litigation and to institute his own proceeding, or he may intervene to avoid delay and possibly to avoid multiplicity of suits.

(5) This court follows the usual rule in note 4.

(6) Certainly at this stage of the litigation this court will not order the court record in another case sent up for consideration in this case, when such proceedings were not made a part of this case on the trial, and not deemed material until a motion for rehearing has been filed.

*Rehearing denied. All the Justices concur.*