## 25797. DANIEL, Treasurer, et al. v. YOW.

ARGUED MAY 11, 1970—DECIDED JULY 9, 1970.

*Harold Sheats, Franklin H. Pierce, William P. Congdon,* for appellants.

*D. Field Yow,* for appellee.

MOBLEY, Presiding Justice. This case arose in an action for mandamus brought by D. Field Yow, appellee, against Moye L. Daniel, Treasurer of Richmond County, Georgia, named Commissioners of Richmond County, the County Attorney, and the depository of the funds of the county, praying that the treasurer be required to pay to the appellee the sum of $921.67 for services rendered as a member of a grand jury committee.

The petition alleges that the appellee and two named citizens of Richmond County were appointed by the grand jury as a committee to inspect and examine the offices and records referred to in *Code* § 59-310; that the three accepted the appointment and served on the committee, and upon completion of their work submitted their bills; that the trial judge entered an order approving the bills and ordering them paid; and that the treasurer paid two of them but refused to pay the appellee.

The appeal is from the judgment of the trial court granting the mandamus absolute.

■ The appellee's motion to dismiss the joint appeal of all the defendants, on the ground that the judgment was rendered against only the defendant Daniel, the Treasurer of Richmond County, and that under *Code Ann.* § 6-811 (Ga. L. 1965, pp. 18, 30; Ga. L. 1968, pp. 1072, 1075) a joint appeal is not permitted where no judgment was rendered against the other joint defendants, is denied. The naming as appellants those against whom no judgment was rendered was unnecessary, but dis-

missal of the appeal by the appellant against whom judgment was entered is not required.

■ Enumerated errors 1, 2, and 3 allege that the trial judge was disqualified to preside in the cause on the ground that, "No judge . . . shall sit in any cause . . . in which he has presided in any inferior judicature, when his ruling or decision is the subject of review, . . ." (*Code Ann.* § 24-102), and that he erred in denying the appellants' motion that he disqualify himself. This provision of the statute is not applicable here, as the judge was not reviewing a judgment rendered by him in an inferior judicature. He was reviewing an order which he entered, which is similar to passing on a motion for new trial in a case which he tried, or hearing a contempt case for failure to pay alimony where he rendered the decree.

This court has held that the statutory grounds of disqualification contained in *Code Ann.* § 24-102 are exhaustive. *Jones v. State*, 219 Ga. 848 (1) (136 SE2d 358); *Stevenson v. Stevenson*, 222 Ga. 47, 50 (148 SE2d 388). Bias or prejudice of a judge, which is not based on an interest either pecuniary or relationship to a party within the prohibited degree, affords no legal ground for disqualification. *Elder v. Camp,* 193 Ga. 320 (1) (18 SE2d 622). Simply because the judge had approved the order in this case would not show bias or prejudice so as to prevent his reviewing his action fairly and impartially.

■ Enumerated errors 4, 5, and 6 allege that the court erred in overruling the appellants' motion to dismiss on the ground that mandamus was not a proper remedy; and that the complaint should have been dismissed because it failed to show venue of the treasurer, the only defendant against whom relief was granted.

(a) Mandamus is a proper remedy to require payment by the treasurer. *Code* § 64-101; *Mayor &c. of Savannah v. Guerard,* 158 Ga. 205 (2) (122 SE 691); *Adams v. Town of Weston,* 181 Ga. 503 (1) (183 SE 69).

(b) *Code Ann.* § 81A-108 (a) (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230) provides that: "An original complaint shall contain facts upon which the court's venue depends. . ." The petition did not allege that the defendant treasurer was a

resident of Richmond County, but did allege that he was the Treasurer of Richmond County. The laws of this State provide that no person shall be eligible to hold any county office unless a resident of that county. Constitution, Art. XI, Sec. II, Par. I (*Code Ann.* § 2-7901); *Code* § 89-101 (7). This allegation is equivalent to alleging that the defendant treasurer was a resident of the county.

Furthermore, the defense of venue was waived by the appellants appearing in court, and pleading to the merits, without challenging jurisdiction or asserting the defense of improper venue. See *Code Ann.* § 81A-112 (h) (Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 231).

■ The issues made by enumerations of error 7 and 8 are, first, whether the appellee, who was appointed by the grand jury as a member of a committee to inspect and examine the offices and records referred to in *Code* § 59-310, performed legal services, and, if so, whether he is entitled to be paid for them in view of *Code* § 24-2908 (2) which provides that it is the duty of the solicitor general (now district attorney): "To attend on the grand juries, advise them in relation to matters of law . . ."; and, second, whether there was an issue of fact which should have been submitted to a jury.

The appellee's statement or bill shows that practically all of the time for which he sought payment was spent in performing legal services, and the rate charged per hour of $35 is that fixed by lawyers of his experience for their services. He first submitted a bill on September 9, 1969, to "The Superior Court of Richmond County, Georgia, c/o the Grand Jury" for "Legal services rendered in connection with services rendered as member of the Special Committee appointed by the Grand Jury," followed by an itemized statement. On October 22, 1969, he submitted a "corrected bill" which was identical with the first except the words, "Legal services rendered in connection with" were excluded. Typical of the items on the bill is the following: "8/2/69. Research at Law Library—searching indices of all Georgia laws as they pertain to County Commissioners and as they pertain to Board of Education and Board of Health in so far as employment of attorneys is concerned."

There are other items which may, or may not, be legal work, or some of both, such as: (1) "Meeting with Grand Jury and time spent in Law Library working on project," (2) "At County Commissioners' office conferring with daughter of Mrs. Bidenhow and interviewing County Treasurer; and time spent in Library reproducing decisions and time spent in Grand Jury Room," (3) "Meeting with Mr. Long and Mr. Guinn on Special Grand Jury Committee," and (4) "Meeting with Grand Jury," and others of like nature.

It is clear from the foregoing that if the law does not permit payment for legal services, there are issues of fact for a jury to decide, as some of the work done is clearly legal, and other may, or may not, be legal services.

There has been no decision of this court on the precise question of whether a lawyer may be compensated for legal services as a member of a grand jury committee. In *Freeney v. Geoghegan*, 177 Ga. 142 (169 SE 882), this court held that it was error for the trial court to enter a mandamus absolute requiring the Treasurer of Bibb County "to pay for the services of expert accountants to prepare and assimilate and assist the solicitor general in the presentation of the State's case in a criminal prosecution." That case is distinguishable from the present one, as here the lawyer is a member of the grand jury committee. He is qualified to serve as a member of the committee; but can he collect for legal services?

The district attorney is required to advise the grand jury in relation to matters of law. The grand jury in appointing the appellee as a member of the grand jury committee was seeking advice as to matters of law, and received such advice. We are of the opinion that the grand jury and its committees are without authority to employ attorneys to furnish them legal services at the county's expense. They must rely upon the district attorney for such services. The appellee is not entitled to payment for his legal services, but would be entitled to payment for other services, if any, not at legal rates, but at the rate paid other members of the committee.

There is an issue of fact as to which of the appellee's services were legal and which were as a member of the committee, and

if this issue cannot be resolved by the parties, a jury must decide it.

*Judgment reversed. All the Justices concur.*