## 27252.   SCARDINA v. SCARDINA.

Submitted June 13, 1972—Decided July 12, 1972.

*Neely, Freeman & Hawkins, J. Bruce Welch, William E. Cetti,* for appellant.

*Walter M. Henritze, Jr.,* for appellee.

JORDAN, Justice. We reverse. The complaint is one in equity to set aside a judgment for fraud. See CPA § 60 (b, e); *Code Ann.* § 81A-160 (b, e). While Art. VI, Sec. XIV, Par. III of our present Constitution (*Code Ann.* § 2-4903), fixes venue in equity cases by requiring trial in the county where a defendant resides against whom substantial relief is prayed, this was merely the preservation of a constitutional provision for venue not unlike others subject to waiver by the action of a defendant. Justice Lumpkin, speaking for this court in 1854, had this to say: "The provision in the Constitution, fixing the residence of the defendant, as the place of trial, guaranties a personal privilege, which may be waived, so far as the rights of the parties, themselves, are concerned, but not so as to prejudice third persons. And I speak what I know, when I say that the opinion of this court, in *The Central Bank of Georgia v. Gibson* (11 Ga. Rep. 453) was not intended, nor so understood at the time, to be in conflict with this principle." *Raney v. McRae,* 14 Ga. 589, 593.

Justice Bell in 1942 reiterated the principle then strongly embedded in our law that one who pleads to the merits without excepting to jurisdiction, whether in law or equity, waives any objection to jurisdiction of his person. *Black v. Milner Hotels,* 194 Ga. 828, 831 (22 SE2d 780), citing former *Code* § 81-503 and cases. Thus CPA § 12 (h) (1), *Code Ann.* § 81A-112 (h) (1), although based on the Federal Rules of Civil Procedure, merely restates the substance of pre-existing law and practice in Georgia by providing for waiver of a defense of jurisdiction over the person or improper venue if the defense is not made by an appropriate

responsive pleading as originally filed. But as to waiver in divorce actions, see *Moody v. Moody,* 195 Ga. 13 (22 SE2d 836) and cases cited therein; *Tatum v. Tatum,* 203 Ga. 406 (46 SE2d 915); *Cohen v. Cohen,* 209 Ga. 459 (74 SE2d 95); *Musgrove v. Musgrove,* 213 Ga. 610 (100 SE2d 577); and *Reynolds v. Reynolds,* 217 Ga. 234, 248 (123 SE2d 115).

*Judgment reversed. All the Justices concur.*