## 48130. TAYLOR v. MALDEN TRUST COMPANY et al.

EVANS, Judge. Malden Trust Company, as plaintiff, sued William R. Taylor, as defendant, in the State Court of DeKalb County for a sum of money lent pursuant to a loan agreement. Defendant answered, denied the indebtedness, moved for a more definite statement, and brought a third-party complaint against four corporations, namely: 1. The B. C. Morton Organization, Inc.; 2. The B. C. Morton Financial Corporation; 3. Seaboard Planning Corporation; and 4. Seaboard Life Corporation. Defendant alleged that all four third-party defendants were subject to the jurisdiction of State Court of DeKalb County having designated W. Charles LaShanna at First National Bank Building, Atlanta, as agent for service; and further alleged that the money borrowed was for the benefit of said four third-party defendants, and that they were the beneficiaries of said borrowed money. Defendant prayed that in the event of judgment in plaintiff's favor against defendant, that he be allowed to recover the amount of said judgment against said four third-party defendants.

Plaintiff moved to dismiss the third-party complaint because of a lack of venue in the State Court of DeKalb County, and also because the third-party complaint failed to state a claim. Plaintiff also filed a motion for summary judgment.

The trial judge sustained plaintiff's motion to dismiss, and on appeal to this court (see *Taylor v. Malden Trust Co.*, 125 Ga. App. 262 (187 SE2d 307)), it was held that the judgment of dismissal was erroneous because the third party complaint did set forth a claim. As to venue, this court held that it could not take judicial notice of whether the First National Bank Building of Atlanta is located in Fulton County or in that part of Atlanta which is in DeKalb County; and held that the complaint did not show on its face that the DeKalb State Court was without jurisdiction.

After the remittitur was made the judgment of the lower court, the four third-party defendants made a motion to strike them from the case (in effect a motion that they be dismissed) in which motion Seaboard Planning Corporation alleged that its registered agent for service was Prentice-Hall Corporation

System, Inc., located in the Fulton Federal Building, Atlanta, Fulton County, Georgia. The other three third-party defendants alleged that they were not domestic corporations of Georgia; not qualified to do business in Georgia; and do no business in Georgia. The four third-party defendants then alleged that they should all be stricken (dismissed) for improper venue and want of jurisdiction.

The motion of defendant for more definite statement was denied; plaintiff's motion for summary judgment, premised on the pleadings, plaintiff's answers to defendant's interrogatories, and defendant's deposition, was sustained. The motion of the four third-party defendants to strike (be dismissed) was sustained. From the aforesaid three separate rulings and orders, defendant Taylor appeals. *Held:*

1. The pleadings were not so vague and ambiguous that defendant could not frame proper responsive pleadings thereto. *Padgett v. Bryant,* 121 Ga. App. 807 (2a) (175 SE2d 884). The lower court did not err in denying the motion for more definite statement.

2. As to the judgment sustaining the motion of the four third-party defendants, it is here noted that the third party complaint was filed and apparently served on April 28, 1971, whereas the motion to dismiss for lack of jurisdiction over the person and improper venue, was not filed until April 25, 1972, almost one year later. Under Code Ann. § 81A-114 (§ 14, CPA; Ga. L. 1966, pp. 609, 627; 1969, p. 979), upon being served with the summons, the third-party defendants shall make their defenses as provided in Code Ann. § 81A-112 (§ 12, CPA; Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693), that is within 30 days after service of the complaint. But we cannot ascertain the exact date of service of the third-party complaint from the record in order to determine if the motion to dismiss was filed too late. However, the court failed to order a hearing under Code Ann. § 81A-112 (d), nor do we find in the record any application for hearing by any party. We cannot treat it as a motion for judgment on the pleadings, with evidence attached, or for summary judgment, since such motions are as to the merits. *Lamex v. Sterling Extruder Corp.,* 109 Ga. App. 92 (1), 93 (135 SE2d 445). The motion here involves matters in abatement and not the merits of the claim or matters in bar. See *Knight v. U. S. F. & G. Co.,* 123 Ga. App. 833 (1) (182 SE2d 693); *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291). The trial judge did not order a hearing on the motion to dismiss, and thereby

afford to the opposing parties an opportunity to present evidence, or to contest the contentions or evidence of the third-party defendants. In the posture of the case, the judgment sustaining the motion to dismiss was premature and erroneous.

3. As to the motion for summary judgment on pleadings and evidence on behalf of plaintiff, Malden Trust Company, and against the defendant, William R. Taylor, said Taylor admitted the indebtedness to plaintiff, but claimed it was borrowed for the benefit of these corporations. This is not defensive, and the judgment for plaintiff on his motion for summary judgment is affirmed.

Therefore, under the authority of the recent case of *Isom v. Schettino*, 129 Ga. App. 73, there remains an issue for determination as to whether or not the third-party defendants may be liable to the defendant "for all or part of said judgment."

*Judgment reversed in part; affirmed in part. Hall, P. J., and Clark, J., concur.*

ARGUED MAY 7, 1973 — DECIDED JUNE 14, 1973 — REHEARING DENIED JUNE 29, 1973 — 

*Fred A. Gilbert*, for appellant.
*Candler, Cox & Andrews, E. Lewis Hansen*, for appellees.