## 49026. PRICE et al. v. PROPHITT.

STOLZ, Judge.

The defendants in this tort action were personally

served in Muscogee County. In their timely answer, they admitted the allegation of their residency in Muscogee County. Approximately one hour after the answer was filed, the defendants' counsel, having discovered that the defendants were Harris County residents, filed an amendment to their answer, denying that the defendants were residents of Muscogee County, and a motion to dismiss or in lieu thereof to quash the return of summons. The defendants appeal from the overruling of their motion. *Held:*

Code Ann. § 81A-112 (h), (1) (Ga. L. 1966, pp. 609, 622) provides as follows: "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subsection (g), or (B) if it is neither made by motion under this section nor included in a responsive pleading, *as originally filed."* (Emphasis supplied.) The defendants, having failed to take advantage of their personal privilege to require trial of a complaint in law in the county where they reside by asserting the privilege in an appropriate responsive pleading *as originally filed,* waived any defense of jurisdiction over their persons or improper venue in respect to trial in another county where the plaintiff had filed his complaint. *Scardina v. Scardina,* 229 Ga. 341 (191 SE2d 52) and cits. Those cases in which the defendants were permitted to challenge personal jurisdiction after they had made a general appearance *without pleading to the merits,* are not applicable to the facts in the instant case.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED FEBRUARY 11, 1974 — DECIDED FEBRUARY 19, 1974.

*W. H. Young, III,* for appellants.

*H. Baxter Harcourt, Kelly, Champion, Denney & Pease, John W. Denney,* for appellee.