## 31856. BARGER v. BARGER.

JORDAN, Justice.

This appeal is from a judgment changing the custody of minor children from the father to the mother. The father had been granted custody in a divorce action in which the agreement of the parties was made the judgment of the court.

The mother's complaint alleged in Count 1 that the provision of the agreement relative to custody should be stricken because it was executed by her while she was in a highly emotional state and laboring under the influence of her husband. Count 2 alleged that custody should be changed because of a change of conditions detrimental to the welfare of the children.

1. The first error enumerated is the award of custody to the mother. There is "reasonable evidence" in the record to support the decision made by the trial judge to change the custody of the children to the mother, and his decision is affirmed. *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974); *Solomon v. Solomon,* 235 Ga. 363 (219 SE2d 715) (1975); *Alexander v. Alexander,* 235 Ga. 540 (221 SE2d 13) (1975); *Horne v. Horne,* 236 Ga. 270 (223 SE2d 666) (1976).

2. It is next asserted that the trial judge erred in failing to make findings of fact and conclusions of law. On request of this court, the trial judge has filed his findings of fact and conclusions of law with this court.

3. Enumerated error 3 asserts that the trial judge abused his discretion in setting the visitation rights of the father. Visitation rights were allowed every other weekend at the home of the mother. While these visitation rights were restrictive, they were within the discretion of the trial judge. *Schowe v. Amster,* 236 Ga. 720 (5) (225 SE2d 289) (1976).

4. The fourth error enumerated is the award of attorney fees to the mother. The trial judge had no

authority to award attorney fees in this case and we reverse this portion of the judgment. *Wilkins v. Wilkins,* 234 Ga. 404, 406 (216 SE2d 302) (1975).

5. There is no merit in the fifth enumerated error, which contends that the judge erred in failing to grant the father's motion for continuance.

6. It is contended in the sixth enumerated error that the court erred in failing to grant the father's motion to dismiss Count 1 of the complaint seeking to strike the custody provision of the agreement between the parties.

The judge informed the parties that he would not strike any provision of the agreement. It is plain from his order that the change of custody was granted on the ground of changed conditions. The judgment was not affected by his failure to dismiss the first count of the complaint, and it is unnecessary to determine whether this count was subject to dismissal.

7. In enumerated error 7 it is contended that the complaint should have been dismissed for lack of jurisdiction. There was no written motion to dismiss on the ground that the father was a nonresident, and such contention was not made in the answer. The motion to dismiss was an oral motion made at the commencement of the hearing. The defense of lack of venue was therefore waived. Code Ann. § 81A-112 (h) (1) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693); *Daniel v. Yow,* 226 Ga. 544 (3) (176 SE2d 67) (1970).

Furthermore, the father was a resident of the county in which the action was brought when it was filed, and was served personally with the complaint.

8. The father's motion for directed verdict at the close of the mother's evidence is without merit.

9. Enumerated errors 9 and 10 assert that the judge erred in failing to grant the father's motion to strike certain portions of the testimony of his mother and sister. The father moved to strike all their testimony except that which would indicate the present condition of the children. The grant of his motion would have been too restrictive of the evidence.

Where evidence is heard by the judge alone and without the intervention of a jury, it will be presumed that

the judge considered only legal and admissible evidence, unless the record clearly indicates that the contrary is true. *Tyree v. Jackson,* 226 Ga. 690, 696 (177 SE2d 160) (1970).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JANUARY 24, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED MARCH 8, 1977.

*Carl J. Surrett,* for appellant.
*Jolles & Slaby, Richard A. Slaby,* for appellee.