55356. WHITBY v. MALOY et al.
55357, 55358. NATIONWIDE MUTUAL INSURANCE COMPANY v. WHITBY et al.
(two cases).

McMURRAY, Judge.

This is an action for damages in DeKalb Superior Court arising from a motor vehicle collision. Plaintiff Whitby alleges negligence on the part of defendant Cather, who was driving a vehicle owned by plaintiff and in which she (plaintiff) was a passenger, defendant Maloy, the driver of the other vehicle, and defendant Stanley, the owner of this other vehicle. Defendant Stanley answered, filed a counterclaim against plaintiff, and a cross claim

against defendant Cather. Defendant Maloy answered denying the claim. Both defendants, Maloy and Stanley, had affirmative defenses of lack of jurisdiction and venue. Defendant Cather was served in DeKalb County. Defendants Maloy and Stanley were served by second original in Gwinnett County. Defendant Cather never filed a formal response to plaintiff's complaint, but did file, on the 31st day after he was served with the complaint and accompanying interrogatories, a handwritten document which appeared to be responses to the interrogatories.

During the trial the court, acting sua sponte, ruled that Nationwide Mutual Insurance Company, the insurer of plaintiff's vehicle which was representing plaintiff on the counterclaim brought by defendant Stanley, should provide legal representation to defendant Cather.

The trial court, again acting sua sponte, declared a mistrial and then dismissed the case because of improper venue based on defendant Cather's answers in a deposition that he was a resident of Gwinnett County and not DeKalb County at the time of service of the complaint upon him. The court also denied plaintiff's motion for judgment by default against defendant Cather, holding that the handwritten responses to the interrogatories served with plaintiff's complaint were in substance an answer sufficient to raise material issues as to the liability of defendant Cather.

This case reaches us on plaintiff's appeal from the order of the trial court, finding that it had no jurisdiction over the persons of the defendants and dismissing for improper venue; and from the denial of plaintiff's motion for judgment by default as to the issue of liability against defendant Cather.

Nationwide Mutual Insurance Company, although not a party to the action below and present only in that it had employed legal counsel to represent plaintiff Whitby on the counterclaim filed by defendant Stanley, has filed its cross appeal as well as an independent appeal, both of which seek to challenge the trial court's ruling that it provide legal counsel for defendant Cather. *Held:*

1. Although a liberal construction of defendant's pleadings is required (*Davis v. Metzger,* 119 Ga. App. 750, 751 (2) (168 SE2d 866); *Snooks v. Factory Square, Inc.,*

129 Ga. App. 772, 773 (201 SE2d 168)), the responses to interrogatories filed by defendant Cather contain no language which might reasonably be construed as a denial of the averments of plaintiff's complaint. There is no general denial as provided by Code Ann. § 81A-108 (b) (Ga. L. 1966, pp. 609, 619, 1967, pp. 226, 230), and no specific denial; therefore, defendant Cather has admitted the allegations of plaintiff's complaint. See Code Ann. § 81A-108 (d) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230); *Skipper v. Collins,* 139 Ga. App. 826, 827 (229 SE2d 790). Nor has the time for filing an answer been extended as provided by law. Defendant Cather has automatically become in default, and plaintiff is required to establish her damages by evidence before a jury. Code Ann. § 81A-155 (a) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238).

2. The defenses of improper venue and of lack of jurisdiction of the court over the person of the defendant may be waived by a failure to raise these issues by motion or in a responsive pleading, as originally filed. Code Ann. § 81A-112 (b)(h)(1) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693); *American Fin. Co. v. First Nat. Bank in Newnan,* 135 Ga. App. 24 (2) (217 SE2d 364); *Barger v. Barger,* 238 Ga. 334, 335 (7) (232 SE2d 567); *Daniel v. Yow,* 226 Ga. 544 (3b), 547 (176 SE2d 67). Defendant Cather has not raised in any motion or responsive pleading, including responses to interrogatories which the trial court held to be an answer, any challenge to the jurisdiction of the Superior Court of DeKalb County. The trial court erred in dismissing the action as to defendant Cather.

3. Generally, affirmative defenses of lack of jurisdiction and improper venue whether in a pleading (answer) or by motion shall be heard and determined before trial on application of any party, "unless the court orders that the hearing and determination thereof be deferred until the trial." Code Ann. § 81A-112 (d), supra. Here the trial court did not consider these motions as to venue and jurisdiction before trial nor did the court order that the hearing and determination thereof be deferred until the trial, but during the trial on its own motion the court granted a mistrial (verbally) and thereafter dismissed the action "for want of venue," as well as denied

plaintiff's motion "for judgment by default." Of course, if the evidence demanded a finding of lack of jurisdiction and venue the judgment would have been correct. See *Hatcher v. Hatcher,* 229 Ga. 249, 251 (190 SE2d 533). Compare *Taylor v. Malden Trust Co.,* 129 Ga. App. 330, 331 (2) (199 SE2d 553); *Rainwater v. Vazquez,* 135 Ga. App. 463 (1) (218 SE2d 108); *Watts v. Kegler,* 133 Ga. App. 231, 233 (211 SE2d 177). Since the evidence did not demand a finding of lack of jurisdiction and venue the trial court erred in dismissing the action as to defendants Maloy and Stanley.

4. Only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so. Nationwide Mutual Insurance Company was at no time a party to this case and has not sought to become a party; therefore, it may not appeal from the judgment in this case. The appeal and cross appeal filed by this company (Nationwide Mutual Insurance Company) are dismissed. *Coogler v. Berry,* 117 Ga. App. 614 (161 SE2d 428); *Holland v. Froklis,* 89 Ga. App. 768 (1) (81 SE2d 317); *Townsend & Bros. v. Davis,* 1 Ga. 495, 496.

*Case No. 55356 reversed; Case nos. 55357 and 55358 dismissed. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED APRIL 5, 1978— REHEARING DENIED APRIL 28, 1978, IN CASE NOS. 55357 and 55358.

*Wills & Ford, James L. Ford,* for appellant (Case no. 55356).

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr., Rex Smith, Murray & Temple, Malcolm S. Murray, William D. Temple, Philip M. Casto,* for appellees (Case no. 55356).

*William R. Carlisle,* for appellant (Case nos. 55357 and 55358).

*James L. Ford, Philip M. Casto, Malcolm S. Murray, William D. Temple, Eugene P. Chambers, Jr.,* for appellees (Case nos. 55357 and 55358).

Bernard G. Cather, *pro se.*