## 60923. KULLER v. BEARD PROPERTIES, INC. et al.

QUILLIAN, Chief Judge.

The plaintiff, John F. Kuller, appeals from the order of the trial court dismissing his complaint, sua sponte, for lack of venue and jurisdiction.

The complaint, filed in Pike County Superior Court on September 28, 1978, alleged that the defendants — Pike Country Club, Inc., and Beard Properties,. Inc., were Georgia corporations, doing business in Pike County, and defendant Larry Beard as an individual, could be served at Willow Wind Country Club, Williamson, Georgia. We will judicially note that Williamson is in Pike County. Code Ann. § 38-112 (Code § 38-112); Ga. L. 1908, p. 973; Ga. L. 1967, p. 2777. Further, the complaint alleged the court had jurisdiction of the parties. The return of service showed Larry Beard had been served individually — October 8, 1978. No defensive pleadings were filed by either of the three defendants within the 30 days permitted by CPA § 12 (a). Code Ann. § 81A-112 (a) (Ga. L. 1966, pp. 609, 622; as amended through 1972, pp. 689, 692, 693).

On April 25, 1979, defendants filed a motion to open default, alleging defendants had been investigating the title, possession, and location of the personal property which was sought in plaintiff's action. They further stated that counsel for defendants had been involved in a "complicated lawsuit" and allowed the time for answering properly to elapse — by approximately 6 months. An "answer of defendants" was filed, admitting "the allegations contained in paragraphs one and two of plaintiff's complaint" which alleged the names and locations of the three defendants, that they were "doing business in Pike County," and "[t]hat this Court has jurisdiction of the parties."

The motion to open default had the notation across the face: "The within motion is dismissed and subsequent motion filed 4/30/79," and was signed by the attorney for the defendants. The record does not disclose that a second motion was filed and the trial court in its order stated that no such motion was filed, and "[t]he defendants are, therefore, not before the court, and as far as the record shows, are strangers to this proceeding." However, the motion to open default and the answer of the three defendants remained filed with the court for five days.

On April 20, 1979, the date noted on the motion to open default as the date of withdrawal of the defendants' motion, the plaintiff appeared to take a default judgment. The defendants moved to dismiss the complaint for lack of proper service, and lack of jurisdiction over the corporate defendants. The sheriff testified that

he had served Larry Beard "individually," *and* not "individually *and* as agent for the two corporations." The court orally dismissed the complaint for lack of jurisdiction "due to lack of service on a Pike County Defendant."

Prior to entry of the order, plaintiff filed a Motion to Set Aside Judgment and to Amend Proof of Service as the sheriff had checked his records and found he had served Larry Beard individually and as agent for the two corporations. Plaintiff also showed that a financing statement filed by the Fayette State Bank listed Beard Properties, Inc., as doing business as the Willow Wind Country Club, Williamson, Ga.

On July 11, 1980, the trial court issued an order denying plaintiffs' motion and "sua sponte" dismissed the complaint, ruling that "[w]hile the defendants have no standing to raise the issues, it is incumbent upon the court to do so sua sponte. The question of jurisdiction is for the court . . . Even if Sheriff Riggins changed his testimony and his entry of service to show that he served Beard as agent for the two corporations, this would still not be sufficient since the complaint fails to allege that either corporation has an office in Pike County, the allegation simply being that they are doing business there." Plaintiff brings this appeal from the sua sponte dismissal by the trial court. *Held:*

Plaintiff contends the trial court erred in dismissing the complaint in the present case. We agree and reverse. The trial court held that it had the duty to determine whether it had jurisdiction, sua sponte. We agree. *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309); *Stephenson v. Futch,* 213 Ga. 247, 248 (98 SE2d 374). It further held that even though the Sheriff, after reexamining his records found that he had served defendant Beard individually and as agent for the two corporate defendants "this would still not be sufficient since the complaint fails to allege that either corporation has an office in Pike County, the allegation simply being that they are doing business there." With this finding — we disagree.

Our appellate courts have repeatedly held that under the spirit and intent of the Civil Practice Act, we have substituted "notice pleading" for "issue pleading" and pleading requirements are liberally construed in favor of the pleader. *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561, 562 (239 SE2d 217). "'Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.' Maty v. Grasselli Chemical Co., 303 U. S. 197, 200 (58 SC 507, 82 LE 745)." *Roberts v. Farmer,* 127 Ga. App. 237, 241 (193 SE2d 216).

The complaint alleged the court had jurisdiction over the

defendants and the answer admitted this was correct. This is sufficient for jurisdiction. *Daniel & Daniel v. Stewart Bros.,* 139 Ga. App. 372, 375 (228 SE2d 586). Further, "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process is waived . . . if it is neither made by motion under this section nor included in a responsive pleading, *as originally filed.*" (Emphasis supplied.) Code Ann. § 81A-112 (h) (1) (CPA § 12 (h) (1); Ga. L. 1966, pp. 609, 622, as amended through 1972, pp. 689, 693). No motion was made, and as originally filed, the defendants' answer did not contest jurisdiction, venue, or insufficiency of service of process and these defenses must be considered waived. *American Finance Co. v. First National Bank,* 135 Ga. App. 24 (2) (217 SE2d 364); *Moore v. First National Bank of Atlanta,* 141 Ga. App. 164 (233 SE2d 26); *Daniel v. Yow,* 226 Ga. 544 (3b) (176 SE2d 67); *Barger v. Barger,* 238 Ga. 334 (7) (232 SE2d 567).

The fact that the defendant Beard was not shown on the return to have been served both in an individual capacity and as agent for the corporate defendants is an amendable defect. *Daniel & Daniel v. Stewart Bros.,* 139 Ga. App. 372, 375-376, supra. And, the defenses of lack of jurisdiction, venue or insufficiency of service of process is waived, where as here it is not made in "an appropriate responsive pleading *as originally filed . . .*" (Emphasis in original) *Price v. Prophitt,* 131 Ga. App. 23, 24 (205 SE2d 30); *Whitby v. Maloy,* 145 Ga. App. 785, 787 (2) (245 SE2d 5); see also *Christopher v. McGehee,* 124 Ga. App. 310 (2) (183 SE2d 624). Jurisdiction being alleged and admitted, and defendants' failure to assert any defense of venue, jurisdiction, or insufficiency of service of process in the original answer, which remained filed for 5 days, waived such defenses — insofar as pleadings are concerned, the trial court improperly decided, sua sponte, there was a lack of venue because of the insufficiency of plaintiff's pleadings. Reversal is required. Cf. *Whitby v. Maloy,* 145 Ga. App. 785, 787 (2), supra.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1981.

*Johnny B. Mostiler,* for appellant.
*Richard Bridges,* for appellees.